UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   <u>For Online Publication Only</u>
AJM RE HOLDINGS IX, LLC

                 **<u>ORDER</u>**
          Plaintiff,   15-CV-479 (JMA) (AYS)

  -against-

BARODA PROPERTIES, INC., and FAIZULMUNIR
KAZI,

          Defendants.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

  Before the Court is plaintiff's motion for default judgment against defendants Baroda Properties, Inc. and Faizulmunir Kazi. The Court GRANTS the motion for default judgment as to defendants' liability but DENIES the motion to the extent it requests a judgment for $114,219.48.

## I. BACKGROUND

  Plaintiff filed this suit in January 2015, seeking to recover costs it incurred in conjunction with the investigation and removal of various substances from property located at 10 Henry Street (also known as 10 North Henry Street or 10 Commercial Street), in Freeport, New York (the "Property"). (Compl. ¶ 1.) Plaintiff asserted a cause of action for cost recovery under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, <u>et seq</u>. ("CERCLA") as well as claims for indemnification and restitution under New York common law. (<u>Id.</u> ¶ 6.)

  According to the complaint, plaintiff acquired the Property as a tax-delinquent parcel and then owned it from August 31, 2013, to January 22, 2014. (<u>Id.</u> ¶ 2.) Defendant Baroda Properties, Inc. ("Baroda") was the owner and operator of the property from July 2006 to about August 2013, and defendant Faizulmunir Kazi ("Kazi") was the operator of the property during Baroda's period of ownership. (<u>Id.</u> ¶¶ 3−4.) During the period of ownership, defendants disposed of or released

both hazardous and non-hazardous substances and improperly abandoned an underground storage tank containing petroleum. (Id.) The complaint alleges, upon information and belief, that defendants took no action to address the substances on the Property before abandoning the Property around August 2013. (Id. ¶ 41.) After plaintiff acquired the Property, it retained an environmental management and consulting firm to investigate the Property and arranged for the containment and cleanup of the environmental conditions on the Property. (Id. ¶¶ 50, 75, see generally id.) In January 2014, various agencies and governmental entities reviewed the documentation associated with plaintiff's remediation of the property and found the work completed to be satisfactory. (Id. ¶¶ 109–12.)

Defendants have never answered or appeared in this action. In July 2015, plaintiff obtained a clerk's entry of default against defendants. (See ECF No 10.) In September 2015, plaintiff served all defendants with the motion for default judgment. (See ECF No. 12.)

## II. DISCUSSION

### A. Defendants Defaulted

Defendants, who have not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Here, the allegations in the complaint are sufficient to establish both defendants' liability under CERCLA and New York common law. See 42 U.S.C. §§ 9601, et seq.; 42 U.S.C. § 9607(a)(1); Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 120

2

(2d Cir. 2010) (describing that, under CERCLA, "property owners are strictly liable for the hazardous materials on their property, regardless of whether or not they deposited them there"); New York v. Hickey's Carting, Inc., 380 F. Supp. 2d 108, 120 (E.D.N.Y. 2005); S-P Associates v. United Cleaners & Launderers, Inc., No. 07-CV-6515, 2011 WL 4344058, at *8 (W.D.N.Y. Sept. 14, 2011).

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.  District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111.

Here, plaintiff claims to have expended $114,219.48 in its efforts to investigate and remediate the environmental condition on the Property.  However, plaintiff has submitted no evidence to substantiate its claims that it is entitled to this amount of damages.  Therefore, plaintiff's request

for a judgment awarding damages is denied without prejudice. Plaintiff is provided the opportunity to submit evidence to support its claim for damages.

### III.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment, jointly and severally, against defendants as to liability. Plaintiff's request for a judgment awarding damages is denied at this time. Plaintiff must submit evidence supporting its claim for damages by November 31, 2016.

**SO ORDERED.**

Dated:  September 30, 2016
Central Islip, New York

        /s/     (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE